UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JADE TYLER OBENAUER,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, Former Secretary of Corrections, individual capacity; NICK LAMB, Secretary of Corrections, official capacity; TABITHA BENTING,[1] Warden, South Dakota State Penitentiary, individual and official capacity; MELISSA MATURAN, Secretary of the Warden's Office, Department of Corrections, individual and official capacity; CHRISTOPHER GOFF, Chief Medical Officer, Department of Corrections, individual and official capacity; STACY VIS, Health Services Administrator, Department of Corrections, individual and official capacity; DR. AARON HAYNES, DOC – Health Services/ Head of Gender Non-Conforming Committee, individual and official capacity; RYAN VANDERAA, Unit Captain, Unit B – Jameson Annex, Department of Corrections, individual and official capacity; JERAD TIMMERMAN, PREA Compliance Manager, Department of Corrections, individual and official capacity; SHELBY BLACK, Certified Nurse Practitioner (CNP), Department of Correction – Health Services, individual and official capacity; LANI KRUEGER, Health Services Secretary, Department of Corrections – Health Services, individual and official capacity,<br><br>Defendants. | 4:25-CV-04254-ECS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND DIRECTING PLAINTIFF TO PAY AN INITIAL PARTIAL FILING FEE |

[1] The Court notes that the correct spelling of this defendant's name is Tabatha Benting.

Plaintiff Jade Tyler Obenauer, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Obenauer's motion for leave to proceed in forma pauperis and screened the complaint under 28 U.S.C. § 1915A. None of Obenauer's claims survived § 1915A screening, Doc. 11, and the Court entered a judgment against Obenauer. Doc. 12. Obenauer has filed a notice of appeal, Doc. 15, and two motions for leave to proceed in forma pauperis on appeal, Docs. 13, 14. Obenauer provided a prisoner trust account report. Doc. 16.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (footnote omitted) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (citing Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997)).

In Henderson, the Eighth Circuit Court of Appeals outlined "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. Id. First, the Court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the Court with a certified copy of his prisoner trust account, the Court must "calculate the initial appellate partial filing fee as provided

by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

A party permitted to proceed in forma pauperis in the district-court action may proceed in forma pauperis on appeal without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis[.]" Fed. R. App. P. 24(a)(3). It appears that Obenauer's appeal is taken in good faith.[2] Obenauer's prisoner trust account report shows an average monthly deposit of $174.00 and an average monthly balance of $28.41. Docket 16. Based on the information in Obenauer's prisoner trust account report, the Court grants Obenauer leave to proceed in forma pauperis on appeal, but she must pay an initial partial filing fee of $34.80 (20 percent of her average monthly deposits). Obenauer must pay the initial partial filing fee of **$34.80 by November 26, 2026**.

It is therefore ORDERED:

1. That Obenauer's motion for leave to proceed in forma pauperis on appeal, Doc. 14, is granted. Obenauer's second motion for leave to proceed in forma pauperis on appeal, Doc. 13, is denied as moot.

---

[2] The judgment was entered on September 1, 2026. Doc. 12. Obenauer's notice of appeal, Doc. 15, was filed on October 23, 2026, but the notice of appeal is dated September 16, 2026, and includes a certificate of service stating that the notice of appeal was mailed to the South Dakota Attorney General and the Eighth Circuit Court of Appeals on September 16, 2026. Id. at 2. But Obenauer also filed on October 23, 2026, another notice of appeal that is dated October 21, 2026. Doc. 15-1. Because it is not clear to the Court why the notice of appeal that is dated September 16, 2026, was not filed until October 23, 2026, the timing of the filing, in the Court's opinion, is not a reason to find that the appeal is not taken in good faith. However, the Court makes no finding regarding whether Obenauer's notice of appeal is timely under Federal Rule of Appellate Procedure 4(a)(1).

2. That Obenauer must pay an initial partial filing of **$34.80 by November 26, 2026,** made payable to the Clerk, U.S. District Court.

3. That the Clerk of Court shall send a copy of this order to the appropriate financial official at Obenauer's institution.

4. That the institution having custody of Obenauer is directed that whenever the amount in Obenauer's trust account, exclusive of funds available to her in her frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Obenauer's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(2), until the $605 appellate filing fee is paid in full.

DATED this October 27th, day of October, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE